NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3908-15T3

JANET CROSSING-LYONS,

 Plaintiff-Appellant,

v.

TOWNS SPORTS INTERNATIONAL,
INC., d/b/a NEW YORK SPORTS
CLUB,

 Defendant-Respondent.
______________________________

 Argued June 19, 2017 – Decided July 11, 2017

 Before Judges Fisher and Fasciale.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-2024-
 14.

 Daniel R. Danzi argued the cause for
 appellant.

 Eric Evans argued the cause for respondent
 (Gordon & Rees, L.L.P., attorneys; Donald G.
 Derrico and Allyson Avila, of counsel and on
 the brief; Mr. Evans, on the brief).

PER CURIAM

 Plaintiff Janet Crossing-Lyons appeals from an April 1, 2016

order granting summary judgment to defendant TSI Livingston,
L.L.C. d/b/a New York Sports Clubs (the fitness club).1 In

dismissing the case, the judge relied on Stelluti v. Casapenn

Enterprises, L.L.C., 203 N.J. 286 (2010). We conclude Stelluti

is distinguishable and reverse.

 Plaintiff is a member of the fitness club. As part of her

gym membership, the fitness club required plaintiff to sign a

waiver and release (the exculpatory clause), which states in part

that

 [y]ou . . . agree that if you engage in any
 physical exercise or activity, or use any club
 amenity on the premises or off premises,
 including any sponsored club event, you do so
 entirely at your own risk[.] You agree that
 you are voluntarily participating in these
 activities and use of these facilities and
 premises and assume all risks of injury,
 illness or death[.]

 This waiver and release of liability includes,
 without limitation, all injuries which may
 occur as a result of . . . (a) your use of all
 amenities and equipment in the facility[;] (b)
 your participation in any activity, including,
 but not limited to, classes, programs,
 personal training sessions or instruction[;]
 and (c) the sudden and unforeseen
 malfunctioning of any equipment.

 [(Emphasis added).]

 Plaintiff's accident, which caused a substantial injury

requiring hip surgery, was unrelated to using physical fitness

1
 Improperly pleaded as Town Sports International, Inc. d/b/a
New York Sports Club.

 2 A-3908-15T3
equipment or engaging in strenuous exercises involving an inherent

risk of injury. Rather, she tripped over a weight belt on her way

to meet a trainer, which another member had left on the floor for

an unknown amount of time. The trainer had known of the existence

of the weight belt on the floor, but did not remove it despite the

fitness center's policy to keep the place "hospital clean" by

picking up items that members leave on the fitness club's floor.

 On appeal, plaintiff argues primarily that the judge

misapplied the Stelluti decision. Relying on our opinion in

Walters v. YMCA, 437 N.J. Super. 111 (App. Div. 2014), plaintiff

contends that the exculpatory clause is unenforceable. Plaintiff

urges us to reverse the order granting summary judgment to the

fitness center, and allow a jury to decide the ordinary issues

associated with negligence cases.

 When reviewing an order granting summary judgment, we apply

"the same standard governing the trial court." Oyola v. Liu, 431

N.J. Super. 493, 497 (App. Div.), certif. denied, 216 N.J. 86

(2013). We owe no deference to the motion judge's conclusions on

issues of law. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan,

140 N.J. 366, 378 (1995). Applying these standards, we

respectfully conclude the judge erred.

 It is a longstanding principle of law that business owners

in New Jersey have well-established duties of care to patrons that

 3 A-3908-15T3
enter their premises. Stelluti v. Casapenn Enters., 408 N.J.

Super. 435, 446 (App. Div. 2009), aff'd, 203 N.J. 286 (2010). An

owner has a duty to guard against any dangerous conditions that

the owner knows about or should have discovered; and to conduct

reasonable inspections to discover latent dangerous conditions.

See Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993). Any

attempt to limit these duties by directing patrons to sign

exculpatory agreements requires careful attention by our courts.

Indeed, our Supreme Court has stated that exculpatory agreements

"have historically been disfavored in law and thus have been

subjected to close judicial scrutiny." Stelluti, supra, 203 N.J.

at 303.

 An exculpatory agreement is enforceable if:

 (1) it does not adversely affect the public
 interest; (2) the exculpated party is not
 under a legal duty to perform; (3) it does not
 involve a public utility or common carrier;
 or (4) the contract does not grow out of
 unequal bargaining power or is otherwise
 unconscionable.

 [Id. at 298 (quoting Stelluti, supra, 408 N.J.
 Super. at 454); See also Gershon v. Regency
 Diving Ctr., Inc., 368 N.J. Super. 237, 248
 (App. Div. 2004).]

 Applying these principles, we concluded in Walters that his

exculpatory agreement with the YMCA was unenforceable. Walters,

supra, 437 N.J. Super. at 120. Pursuant to that agreement, Walters

 4 A-3908-15T3
released the YMCA for injuries he sustained while he was on the

YMCA premises or from YMCA-sponsored activity. Id. at 116.

Walters slipped on a step leading to an indoor pool at the YMCA.

Id. at 116-17. Like plaintiff, Walters was not using physical

fitness equipment or engaging in strenuous exercises involving an

inherent risk of injury.

 Applying the Gershon factors here, we also conclude the

exculpatory agreement is unenforceable. It adversely affects the

public interest by transferring the redress of civil wrongs from

the responsible tortfeasor to either an innocent injured party or

society-at-large. It eviscerates the common law duty of care that

the fitness center owes to its invitees. And it is unconscionable,

as the fitness center has attempted to shield itself from all

liability based on a one-sided agreement that offered no

countervailing or redeeming societal value.

 Like in Walters, we conclude Stelluti is factually

distinguishable. The Court's holding in Stelluti is grounded on

the recognition that health clubs are engaged in a business that

offer their members a place to use physical fitness equipment by

performing strenuous exercises involving an inherent risk of

injury. Stelluti, supra, 203 N.J. at 311. Plaintiff did not use

the weight belt, or engage in any activity involving an inherent

risk of injury. She simply walked to meet a personal trainer who

 5 A-3908-15T3
was waiting for her. Unlike the plaintiff in Stelluti, who injured

herself while riding a spin bike, Walters had injured himself by

slipping on a step and plaintiff injured herself while tripping

over an item left on the floor, incidents that could have occurred

in any business setting. Id. at 291. Whether plaintiff ultimately

prevails will depend on the evidence produced at trial.

 Reversed.

 6 A-3908-15T3